UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARNOLD A. NOEL,<br><br>         Plaintiff,<br><br>    v.<br><br>HAWAIIAN TELECOM, ERIK K. YEAMAN,<br>STEVEN GOLDEN, LES UOEKA,<br>ROY WHITNEY, JOHN V. RODRIGUES,<br>MURIEL C RODRIGUES, GIAVANNA<br>RODRIGUES, DIGITAL RECORDER,<br>MONTE P DAWSON, VICKI DAWSON,<br>ACCESS LIBRARY TOWN FREETOWN<br>EAST COAST ELECTRONICS,<br>CHRISTOPHER L DESOUSA, BRIDGET<br>DESOUSA, MAURA HEALEY,<br>DEPARTMENT OF CHILDREN SERVICES,<br>SHARAE BARBOSA, KATHLEEN A REAGAN,<br>FREEMAN MATHIS AND GARY LLP,<br>FLYNN, WIRKUS, YOUNG, PC,<br>         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br>22-11423-NMG |

ORDER

GORTON, J.

     1.    *Pro se* plaintiff Arnold A. Noel's ("Noel") Application

to Proceed without Prepayment of Fees and Affidavit is (ECF No.

2) is ALLOWED.  Noel's form motion is incomplete as to each

source amounts he has received over the prior twelve months from

his "business, profession, or other self-employment", and

"expects . . . will continue to receive."  Giving Noel the

benefit of the doubt, it can be inferred that his description of

modest income completes the response.

1

Because Noel is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  In conducting this review, the Court liberally construes Noel's complaint because he is proceeding pro se. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

2.    Noel shall by **November 25, 2022** file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure and cures the defects identified herein, or this action will be DISMISSED.

First, the complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Under the Rules, a complaint must contain "a **short** and **plain** statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis added), and "'give

[each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why— although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id. Here, Noel's complaint is neither a short nor plain statement of a claim. Rather, it is a scattershot pleading stringing constitutional and statutory references with conclusory allegations of a wide-spread, conspiracy without plausibly pleaded factual support that fails to state a claim upon which relief can be granted. The complaint is also not signed.

Second, while Noel will be provided an opportunity to amend his complaint, Noel's *ad hominem* narrative, challenges and threats made in his complaint have no place in civil discourse and must be addressed. Additionally, the Court is concerned that Noel's motion practice in this action, and related conduct

3

in the state and federal courts outside of this action, taken

together may indicate a pattern of vexatious conduct.[1]

No one has the right to abuse other litigants in or through

federal proceedings.  This basic tenet applies to all parties

that come before this Court, and is codified in Rule 11 of the

Federal Rules of Civil Procedure, which provides a process for

sanctioning abusive litigants or counsel.[2]  Independent of Rule

---

[1]  In addition to the instant action, Noel has filed the
following actions in federal court: Noel v. Orfanello et al.
Civ. No. 1:22-cv-11494-NMG; Noel v. Coven et al. Civ No. 1:22-
cv-11512-RGS.  Noel has filed two state court actions relating
to this matter: Noel v. Kathleen Reagan et al., Bristol Superior
Court C.A. No. BR2273CV00546;  Noel v. Freeman Mathis & Gary,
LLP et al., Bristol Superior Court, C.A. No. BR2273CV00566.
Noel attempted to remove one of the state court actions to the
federal court.  Noel v. Freeman, Mathis and Gary LLP et al.,
Civ. No. 1:22-cv-11537-IT.  That action was remanded on
September 21, 2022.

[2] Rule 11 provides in pertinent part:

> By presenting to the court a pleading, written motion
> or other paper. . . an unrepresented party certifies
> that to the best of the person's knowledge,
> information and belief, formed after an inquiry
> reasonable under the circumstances: (1) it is not
> being presented for any improper purpose, such as to
> harass, cause unnecessary delay, or needlessly
> increase the cost of litigation; (2) the claims…and
> other legal contentions are warranted by existing law
> or by nonfrivolous argument…[and]…(3) the factual
> contentions have evidentiary support or if
> specifically so identified, will likely have
> evidentiary support after a reasonable opportunity for
> further investigation or discovery…

Fed. R. Civ. P. 11(b).

11, the Court "plainly possess[es] discretionary powers to regulate the conduct of abusive litigants." Cok v. Fam. Ct. of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993). This Court, of course, has no jurisdiction over the pending state court actions, but it need not turn a blind eye to contemporaneous conduct relating to this action, and "may use [its] inherent authority to sanction a party for 'a whole pattern of behavior.'" Adams v. Gissell, CV 20-11366-PBS, 2022 WL 2387881, at *3 (D. Mass. Apr. 19, 2022) (quoting Pan Am. Grain Mfg. Co., Inc. v. Puerto Rico Ports Auth., 295 F.3d 108, 117 (1st Cir. 2002) and citing Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 246 (1st Cir. 2010) (upholding sanctions in light of a "pattern of vexatious behavior"); Baker v. Baker, CIV.A. 11-12056-DJC, 2011 WL 6440520, at *5 (D. Mass. Dec. 15, 2011)).

A complaint (or any other filing) is not a vehicle to threaten or challenge defendants, or others. See Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985) ("[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed ...."). Here, Noel's complaint falls within this category. Noel's vitriolic narrative ultimately devolves into troubling metaphorical taunts and threats, which will not be tolerated.

5

Even more disturbing, however, are pre-filing communications concerning this action that were attached to the complaint. Beginning on August 30, 2022 -- two days before filing this action -- Noel sent inappropriate emails to defendant Kathleen Reagan, former counsel to Noel's wife in an underlying divorce proceeding. See ECF No. 1-3 at 18, 23-25.

Noel has also filed a copy of a September 1, 2022 Mass. Gen. Laws ch. 258E Harassment Prevention Order obtained by Ms. Reagan against him. See Affidavit of Arnold Noel, ECF No. 7-5 at 2, Harassment Prevention Order.

Noel also attached to an affidavit a copy of an August 31, 2022 Braintree police report (the "Police Report"). See Aff. of Arnold Noel ¶¶1-3, and Ex. B, ECF No. 7-3. That report attached to Noel's Affidavit describes an earlier, August 2, 2022, email from Noel to Reagan (and others) stating "get ready to meet Jehovah" relating apparently to Noel's state court divorce proceeding. Police Report 2. The Police Report describes a recording attached to the Aug. 31, 2022 email sent to Reagan that concludes "I am coming for you." Police Report 3. The Police Report also describes that the audio recording (and presumably the email) "was sent to Kathleen's firm, and caused so much concern that the employees were sent home for the day." Police Report. After obtaining the Harassment Prevention Order, Reagan withdrew from representation of Noel's spouse. See

Reagan v. Noel, 2256HPO 993 (Quincy District Court)("the
Harassment Proceeding"), September 1, 2022 Harassment Prevention
Order, ECF No. 7-8 at 13; September 7, 2022 Def.'s Counsel's
Mot. Withdraw, ECF No. 7-8 at 12.

The Court does not doubt that that Noel sincerely believes
that he has been wronged.  Noel's sincerity in his beliefs,
however, does not justify misconduct.  Vitriolic metaphors,
religious allusions to death, and references to violence are
never permissible substitutes to civil argument.  Indeed, "the
filing of lawsuits is not therapy, nor is it a sport. . . [and
Noel] must realize that his allegations may have serious adverse
impact on those parties named in his suits." Baker, 2011 WL
6440520, at *5 n. 4 (D. Mass. Dec. 15, 2011).

Noel is not being sanctioned for the complaint or his email
communications, but he is forewarned that any repetition of such
conduct and communications will swiftly be sanctioned, including
but not limited to, dismissal of his actions, monetary
sanctions, enjoinment, and/or entry of an order of contempt of
Court.  With these admonitions, Noel is granted leave to amend
the complaint, but only if he can do so appropriately and within
the Federal Rules of Civil Procedure.

3.    Noel's Motion to Correct Clerk's Error (ECF No. 9) is
DENIED.  Noel claims that the Emergency Motion (ECF No. 7) was

7

never intended to be filed as a motion in this action, but rather as a new action which included a motion.

A pleading, such as a complaint, is different from a motion.  See Fed. R. Civ. P. 7 (distinguishing between a complaint and a motion).  Here, the Emergency Motion bears the title of an emergency motion as well as the phrase "Complaint - Injunctive Relief Jury Demanded" in the Caption.  Noel asserts, among other things, that Clerk's Office personnel on September 13, 2022 mistakenly filed the Emergency Motion as a motion and not as a new lawsuit.  Nevertheless, the docket in this action is accurate as it was filed, and what transpired with respect to the pleading.  Contrary to Noel's assertions, the timing of the filing in this Court has no bearing on the jurisdiction of the Commonwealth of Massachusetts over the Harassment Proceeding. See Emergency Mot. ¶¶ 24-43.

Noel was in any event permitted to file a new action (Noel v. Orfanello, Civil Action No. 22-11494-NMG) and, at Noel's request, the Clerk applied the $402 filing fee initially applied here to that action.  See ECF No. 5 (striking $402 filing fee payment).  That new case was assigned to this Court.  The Court need not, and does not, make any findings as to Noel's claims that he was mistreated by court staff, court security officers, and the United States Marshals.  All other and further relief

8

requested in the motion, including but not limited to obtaining

purported surveillance video of the incident, is denied.

    4.    The Court quashes the summonses (ECF No. 6) issued in

this action because the $402 filing fee was applied, at Noel's

request, to a new action.  Summonses shall not issue absent

further order of the Court.  No defendant is required to respond

to the complaint in this action pending further order of the

Court.

**So Ordered.**

Dated: October 28, 2022        _____
                                   UNITED STATES DISTRICT JUDGE